**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2012

No. 11-10542
Summary Calendar

Lyle W. Cayce
Clerk

MEARION ALVIN HARRIS,

Plaintiff-Appellant

v.

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2653

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mearion Alvin Harris seeks leave to proceed in forma pauperis (IFP) and the appointment of counsel to appeal the district court's dismissal of his civil rights complaint for failure to state a claim because it was barred by the applicable statute of limitations. Harris's IFP motion is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10542

Harris does not challenge, and has no nonfrivolous basis to challenge, the district court's determination that he was fired some time before December 2008 and thus his complaint was barred by Texas's two year statute of limitations. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) ("The limitations period for a [42 U.S.C.] § 1983 action is determined by the state's personal injury limitations period, which in Texas is two years.") (citations omitted). Nor has he shown that he presented to the district court exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The appeal lacks arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The IFP motion is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The motion for the appointment of appellate counsel is DENIED.